In the Matter of ALBERT SHANKER, on Behalf of Himself and All Others Similarly Situated, Appellant, against NEW YORK CITY TEACHERS' RETIREMENT BOARD, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

MATTHEW VAUGHAN, Plaintiff, v. GLOBE NEON SIGN CO. et al., Defendants. SERVICE SIGN ERECTORS CO., INC., Third-Party Plaintiff-Respondent, v. SENIORS RESTAURANT, INC., Third-Party Defendant-Appellant.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to dismiss the third-party complaint on the ground of insufficiency is granted, with $10 costs. A reading of the complaint, as well as the third-party pleading, requires the conclusion that the third-party plaintiff, if liable at all, can only be held responsible as an active or primary tort-feasor. Under the circumstances a judgment over could not be sustained. (See *Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 456–457.) Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

ROSA E. WALTON, Respondent, v. LESTER T. DOYLE, as Trustee in Reorganization of Surface Transportation Corporation of New York, Appellant.— Judgment unanimously reversed on the law and on the facts and the complaint dismissed, with costs. The plaintiff has failed to establish a cause of action. Under the circumstances, the consequences of the alleged acts of the driver were not reasonably foreseeable. Lacking this essential element of actionable negligence, the judgment will not be permitted to stand. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

FIRST TERRACE GARDENS, INC., Substituted for MASTAN COMPANY, Appellant, v. UNITED MUTUAL FIRE INSURANCE COMPANY et al., Respondents.— Judgment and order unanimously affirmed, with costs to the respondents. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

In the Matter of PALLADIUM ENTERPRISES, INC., Petitioner, against NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of the New York State Liquor Authority is unanimously annulled on the law and the suspension order is vacated, without costs. There was no substantial evidence of a violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law. Under the admittedly crowded conditions at the premises, the proof of the alleged sale or delivery to a minor and the proof of the contents of the glass as an alcoholic beverage were too speculative to sustain a charge of violation of the statute. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.