RAYMOND MERRILL, a Minor, by MARY MERRILL, his Mother and Next Friend, Plaintiff-Appellant, *v.* CATHOLIC BISHOP OF CHICAGO *et al.*, Defendants-Appellees.

(No. 71-266; ▮▮▮▮▮▮▮▮▮

Second District—December 11, 1972.

Finn, Geiger & Rafferty, and Lawrence J. Petroshius, both of Waukegan, for appellant.

Dowd, Dowd & Dowd, of Chicago, and Diver, Ridge, Brydges & Bollman, of Waukegan, both for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The sole question presented in this appeal is whether a non-profit private school and its staff are liable for personal injuries suffered at the school by a student due to ordinary negligence.

The complaint charged that in March 1968 Raymond Merrill, 12 years old and a 7th grade student at a parochial school in Wadsworth, Illinois, was sent by his teacher to a room to cut lengths of wire from a coil to be used for making sculptures in art class. While doing so he was struck in the left eye by the end of the wire on the coil with the result of loss of vision in that eye. Defendants moved to dismiss on the ground that the complaint failed to state a cause of action because it charged only ordinary negligence. The trial court sustained the motion on that ground.

In 1965 the Illinois Legislature enacted a statute entitled "Maintenance of Discipline" (Ill. Rev. Stat. 1965, ch. 122, sec. 24—24), reading in part as follows:

> "In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend

to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

The plaintiff contends that this statute is limited only to disciplinary situations and public schools, and does not apply to private schools and non-disciplinary situations. We conclude that the activity herein directed by the teacher was part of the activities of the school program and, therefore, falls within the statutory provisions above cited.

In *Woodman v. Litchfield Community School Dist. No. 12,* 102 Ill.App. 2d 330, 333, 334, the court, in referring to section 24—24 said:

"This statutory enactment would protect a teacher from liability for mere negligence *in supervision* or maintaining discipline because of the status conferred; that of a parent or guardian in relation to all the pupils in the classroom. No liability would attach to a parent or one having the relation of parent absent an event constituting willful or wanton conduct. [Citations.] No such event is alleged in the complaint, nor is any event in the complaint so characterized." (Emphasis added.)

From the opinion in the case of *Matteucci v. High School Dist. No. 208,* 4 Ill.App.3d 710, cited by the plaintiff herein and filed March 13, 1972, it appears that the acts complained of therein occurred prior to the enactment of section 24—24 (Ill. Rev. Stat. 1965, ch. 122, sec. 24—24), and the court did not pass on the question.

While section 24—24 is contained in the public school code we cannot see any reason why it should not be equally applicable to private schools. (*Haymes v. Catholic Bishop of Chicago,* 41 Ill.2d 336.) Therefore the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

GUILD and T. MORAN, JJ., concur.