A. Franklin Mahoney, J.
The defendant, Carlos Barrera, moves for an order pursuant to CPLR 3211 (subd [a]) dismissing the first cause of action against him on behalf of the infant plaintiff and the derivative action of the infant’s mother, on the ground that the plaintiffs have failed to state a cause of action. The factual issues are as follows.
On August 29, 1973 the infant was placed by his mother under the temporary care, custody and control of the child’s grandfather, the moving defendant herein. While on his grandfather’s premises the infant came into contact with a rotary ironer and sustained serious injuries.
The ensuing action and the subject motion raise the issue of whether the decision of the Court of Appeals (Holodook v Spencer, 36 NY2d 35), precluding tort claims against parents for alleged negligent supervision of a child, should be extended so as to immunize grandparents from such claims when they are exercising temporary custody and control of the infant. In my view, the principle of Holodook should be limited in its application solely to the parent-child relationship, and not extended to cover grandparents, uncles, aunts or any other relatives of an infant, excepting, of course, those instances where a relative assumes all the obligations incident to the parental relationship and thereby places himself in loco parentis to the child. None of the policy considerations expressed in Holodook warrants the extension of the tortless relationship of parent-child supervision. To the contrary, the Holodook court stated (pp 49-50) "In most areas of tort law, the reasonable man standard well serves the law’s general aim of structuring human activity in accordance with the community’s understanding and expectations of proper conduct. In the family relation between parent and child, how *903 ever, we do not believe that application of this standardized norm is the wisest course. The result we believe, would be to circumscribe the wide range of discretion a parent ought to have in permitting his child to undertake responsibility and gain independence.”
In contrast to this it must be recognized that the relationship of a grandparent to grandchild is sufficiently different from that of parent to child so as to require a different set of legal obligations. Daily parental responsibility to shape and develop an infant’s physical, emotional and intellectual growth cannot be extended to grandparents exercising temporary custody of the child (Broome v Horton, 83 Misc 1002). While parental guidance is best left to parents and the discharge of the duties and obligations of parenthood should be unfettered by the potential threat of suit, it does not follow that this immunized area of life characterized by amorphous, but nonetheless recognizable, feelings of love, affection and intimacy be extended to others. The conduct of such others must be measured by those standards applicable to the reasonable man. When a parent places his child under the temporary control of a relative it is most likely in reliance upon an implied undertaking of the relative to care for the infant. Such a temporary assumption of responsibility frees the parent to pursue a variety of activities he would otherwise refrain from engaging in if faced with a choice of either remaining home to care for the child or leaving him unattended. It also benefits the child by assuring him continued protection and guidance during the time the parent is away. Thus, when one, other than a parent, undertakes to control an infant, such a person becomes responsible for any injury proximately caused by his negligence. Such a person is required to use reasonable care to protect the infant over whom he has assumed temporary custody and control (Zalak v Carroll, 15 NY2d 753, 754).
Motion is denied.