DARRYL COTTON, a Minor, by Cecilia Walls, his Mother and Next Friend, Plaintiff-Appellant, *v.* THE CATHOLIC BISHOP OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 60244

Opinion filed June 17, 1976.

Heller & Morris and Torshen, Fortes & Eiger, Ltd., both of Chicago (Jerome H. Torshen and Lawrence H. Eiger, of counsel), for appellant.

Dowd, Dowd & Dowd, of Chicago (Michael E. Dowd and Philip J. McGuire, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, a minor, appeals from an order of the circuit court of Cook County granting the motion of defendants, the Catholic Bishop of Chicago, a corporation sole, and Anthony Janicek, for judgment on the pleadings, or in the alternative, for summary judgment.

Plaintiff sued defendants to recover damages for injuries sustained when he was assaulted by a fellow student, Lee Collins, in a school gymnasium. (Collins, originally named as a defendant, is not involved in this appeal.) The complaint, alleging a failure to supervise certain gymnasium activities, recited that defendants were guilty of ordinary negligence. The trial court granted judgment on the pleadings, holding that under the Illinois School Code defendants were liable only if their conduct amounted to wilful and wanton misconduct. (Ill. Rev. Stat. 1967, ch. 122, par. 24—24.) It is agreed that the complaint charged only ordinary negligence.

Defendants also furnished plaintiff's discovery deposition to the court, and the judge further found that there was no genuine, material issue of fact as to defendants' negligence. The trial court, therefore, granted summary judgment in favor of defendants.

■■ The initial question as to whether schools could be liable only if their failure to supervise amounted to wilful and wanton misconduct recently has been resolved by our Supreme Court as far as public schools are concerned. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) In that case, the court concluded that no liability can attach to teachers for mere negligence in student supervision or maintenance of discipline, as a teacher's status is that of a parent or guardian to all students, and the liability of a parent to a child does not attach absent wilful and wanton misconduct.

■■ It remains for us to consider whether section 24—24 of the Illinois

School Code imposing a wilful and wanton standard for injuries arising out of the school-pupil relationship applies also to private schools. The holding of this court in *Merrill v. Catholic Bishop of Chicago* (1972), 8 Ill. App. 3d 910, 290 N.E.2d 259, is dispositive of the issue. In that case, the court applied the wilful and wanton standard to private schools, stating that: "While section 24—24 is contained in the public school code we cannot see any reason why it should not be equally applicable to private schools." (8 Ill. App. 3d 910, 911.) The *Merrill* court relied for its holding on a decision by our supreme court in *Haymes v. Catholic Bishop of Chicago* (1968), 41 Ill. 2d 336, 243 N.E.2d 203. In that case, the court found unconstitutional a section of the School Code which limited recovery in tort actions against private schools to $10,000. The court earlier had held unconstitutional a provision which had imposed a limited recovery against public schools. In *Haymes*, the court stated at page 344: " * * * it would be erratic judicial law making, in derogation of the legislative intent, to sustain only the damage limitations applicable to nonprofit private schools. Such a result could certainly create an arbitrary classification among students whereby those attending public schools could recover the full measure of their damage resulting from the school's negligence, but those attending nonprofit private schools would be entitled only to a limited recovery." While plaintiff in the present case correctly points out that the court was treating two sections of the statute consistently and was removing a limitation on the right of a student to sue a private school, we believe that to hold section 24—24 to be applicable only to public schools would create the arbitrary classification referred to in *Hames*.

■■ In view of our holding, it is unnecessary to consider plaintiff's argument that the trial court erred in holding that there was no genuine, material issue of fact as to defendants' negligence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.