ROBERT GULLEDGE, a Minor, by Sandra Sue Moore, his Mother and Next Friend, Plaintiff-Appellant, *v.* JACKSON S. GULLEDGE *et al.*, Defendants-Appellees.—(McDONOUGH POWER EQUIPMENT, INC., Defendant.)

Fourth District   No. 14195

Opinion filed August 29, 1977.

David A. Dvorak, of Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur, for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (William O. Martin, Jr., and Jerald E. Jackson, of counsel), for appellees.

Mr. JUSTICE LEWIS delivered the opinion of the court:

We face in this case the question of whether grandparents and other relatives having temporary care and custody of a minor relative are liable to the minor for injuries sustained by the minor as a result of the grandparents' ordinary negligence.

On June 30, 1974, 9-year-old Robert Gulledge was visiting the residence of his grandparents Jackson and Tevis Gulledge. Robert's parents were not present. About 4:30 p.m., Sherie Gulledge, Robert's 13-year-old sister, was cutting the grass on a riding lawnmower when Robert somehow fell under the mower and suffered a deep cut and a compound fracture of the left tibia. On January 29, 1976, Robert, through his mother and next friend Sandra Sue Moore, filed a two-count negligence complaint seeking damages which arose out of the incident.

Count I was directed against both of Robert's grandparents, alleging that Robert was in the custody and control of the grandparents, he was on their property and in the exercise of due care, and he was injured through his grandparents' negligence in (1) allowing the mower to be operated by minors in the vicinity of plaintiff; (2) failing to instruct the minor in the proper method of operating the mower; (3) failing to supervise the operation of the mower; and (4) permitting Robert to play in the area in which the mower was being operated. Count II, against the manufacturer, is not relevant to this appeal.

The grandparents' motion to dismiss, based on the doctrines of parental immunity and *in loco parentis*, was granted by the court. The judge ruled that the doctrine of *in loco parentis* was inapplicable but granted the motion based on the parental immunity doctrine. Robert's motion in the trial court for Rule 308 certification (Ill. Rev. Stat. 1975, ch. 110A, par. 308) was allowed, and this court granted Robert's application.

Robert argues that grandparents do not fall within the definition of "parent" under the Illinois parental immunity doctrine, that other jurisdictions have refused to extend the doctrine to include grandparents, and that even if grandparents might be included under the doctrine, the conduct in this case was not immune from suit since it did not arise out of the family relationship. The grandparents argue that this court should not look to other jurisdictions since we are interpreting Illinois public policy, that the Illinois doctrine covers grandparents in this case, and that the doctrine of *in loco parentis* should apply to bar this action.

■■ Beginning in the late 1800's, a judicially created parental immunity doctrine arose in this State. Its rule was simple: A child may not recover damages for injuries sustained due to the parents' ordinary negligence; a parent is not liable to his child absent willful and wanton misconduct. This doctrine has seemingly been accepted by a majority of our supreme court. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) The doctrine was judicially created and may be judicially destroyed. (*Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12.) The reason for the rule is found in a social reluctance to create litigation and strife between members of a family. (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525.) However, where the negligence took place outside the family relationship or the parent was deceased, the stated policy behind the rule ceases and the rule will not be applied. (*Schenk; Johnson v. Myers* (1972), 2 Ill. App. 3d 844, 277 N.E.2d 778.) In *Schenk*, this court noted authority from other jurisdictions which have refused to apply the doctrine to the minor's grandparents or others. We decline the invitation to extend the Illinois parental immunity doctrine to include those having temporary control and custody of a minor, such as grandparents or others. The application of this doctrine has been limited by this State's appellate courts (*Schenk; Johnson*) and, recently, the doctrine itself was questioned by three members of our supreme court (see the dissenting opinion of Mr. Justice Goldenhersh in *Kobylanski*). In refusing to extend the ordinary negligence immunity, we are not unsympathetic to the position espoused by the grandparents. However, the rationale behind the rule loses its persuasive force as one considers situations involving other than the actual parent. While we do not rely on other jurisdictions in so ruling, we note that the same result has been reached elsewhere. *Wilkins v. Kane* (1962), 74 N.J. Super. 414, 181 A.2d 417; *Barrera v. General Electric Co.* (1975), 378 N.Y.S.2d 239, 84 Misc.2d 901.

The so-called Illinois parental immunity doctrine, therefore, is a very limited rule that was judicially created. This court is called upon to extend the rule to include grandparents when, in fact, the cases in Illinois, while recognizing the doctrine, have refused to expand it. The *Johnson* case

cited above is a good example. This case cites the history of parental immunity as well as the purpose for the rule.

■■ The appellees in their brief and argument refer to family immunity doctrine; but, in fact we feel it is limited to parental immunity and is not based on duty but upon immunity from suit.

■■ The grandparents argue that the trial court should have granted *in loco parentis* status to them. We agree with the trial court that the status is inapplicable to the instant case. By this opinion, we do not undertake to state a rule as to those cases wherein the facts establish an actual relationship of *in loco parentis*. While we note that school teachers have by statute been accorded a parental status, we leave any expansion of this narrow doctrine of immunity to the legislature.

We believe that the State has an interest in maintaining harmony, avoiding strife, and insuring a proper atmosphere of cooperation and understanding in the family. However, that public policy remains in the area of ordinary negligence within the scope of the parental relationship.

Accordingly, we hold that count I of the complaint states a cause of action and the trial court was in error. The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GREEN, P. J., and TRAPP, J., concur.