OPINION OF THE COURT
Harold Hyman, J.
The defendants third-party plaintiffs and defendants’ motion and cross motion, respectively, raise an issue thus far not resolved by our courts. Research indicates that the courts have tangentially touched upon closely related subjects but thus far have not ruled upon the specific issue raised by the pleadings involved, that is from the conclusory factual matter pleaded in the third-party complaint. To reach such issue there is necessity, as to the cross motion by third-party defendant to dismiss the third-party complaint, to first consider the primary plaintiffs’ complaint and to then read both that complaint together with the defendants’ third-party complaint (Musco v Conte, 22 AD2d 121, 122; Dyer v Broadway *520 Cent. Bank, 252 NY 430, 432; Vaughan v Globe Neon Sign Co., 10 AD2d 568, affd 8 NY2d 776).
The primary complaint, by the father of the infant plaintiff, is simple in scope. It pleads that defendants owned a dog which they kept at their residence, which dog they knew had vicious propensities and had bitten another person before; that a time when the infant plaintiff was an invited guest at defendants’ home said dog viciously bit and severely and permanently injured the infant plaintiff.
The primary answer of defendants allege that the dog was a Great Dane, and they plead, as third-party complainants against the third-party defendant (Módica) that said infant, who was under 14 years of age, was in the care, custody, control and under the direct supervision of said Módica "who also acted in loco parentis,” who knew that defendánts third-party plaintiffs kept such a dog on their premises, that said Módica was under a duty to exercise reasonable care to protect the safety and welfare of said infant, but that the infant plaintiff’s injuries were caused by said Modica’s negligence and breach of duty by bringing the infant to their premises where she was allegedly bitten and injured. They therefore seek indemnification from her.
Third-party defendant, Módica, after denying the material allegations of the complaint, affirmatively pleads two defenses, namely (a) that the third-party plaintiffs’ complaint fails to state a cause of action; and (b) lack of jurisdiction over the person of said third-party defendant. It is to strike both such affirmative defenses that third-party plaintiffs have moved; whereas the cross motion of third-party defendant is to dismiss the third-party plaintiffs’ complaint.
Without at this time commenting upon the motion of the third-party plaintiffs, it is the opinion of this court that it need not be reached, for the cross motion of the third-party defendant, Módica, to dismiss the third-party plaintiffs’ complaint, must be granted.
There is no longer any question that the law precludes tort claims against parents for alleged negligent supervision of a child (Holodook v Spencer, 36 NY2d 35). In that above-cited case the court stated (pp 49-50): "In most areas of tort law, the reasonable man standard well serves the law’s general aim of structuring human activity in accordance with the community’s understanding and expectations of proper conduct. In the family relation between parent and child, however, we do not *521 believe that application of this standardized norm is the wisest course. The result, we believe, would be to circumscribe the wide range of discretion a parent ought to have in permitting his child to undertake responsibility and gain independence.”
Thus, children entrusted to the care of grandparents and thus closely related, have not had parental immunity extended to them (Barrera v General Elec. Co., 84 Misc 2d 901), and paid or unpaid volunteers have also been held equally nonimmune to liability for lack of reasonable care of an infant (Zalak v Carroll, 15 NY2d 753).
Here, the pleading moved against does not limit the third-party defendant’s position to that of a paid employee or an unpaid volunteer, it rather specifically and without equivocation cloaks said third party with the mantle of legal immunity by classifying her as one "who also acted in loco parentis”. Black’s Law Dictionary (5th ed, p 708) defines the phrase "in loco parentis” to mean "with a parent’s rights, duties, and responsibilities”; and therefore differs from the norm stated in Holodook (supra). Thus to grant to one who acts in loco parentis the rights, duties and responsibilities of a parent must carry with it the same right of immunity from tort granted to the parent. Since such is pleaded in the third-party complaint herein attacked, its insufficiency to impose liability upon the third-party defendant must result in its dismissal; since third-party plaintiffs have not sought leave to replead, none is granted (CPLR 3211, subd [e]).
Under the circumstances, the motion of the third-party plaintiffs to the alleged defenses interposed by the third-party defendant is moot.