KATHLEEN HILGENDORF, by Thomas Hilgendorf, her Next Friend, Plaintiff-Appellant, v. THE FIRST BAPTIST CHURCH OF DANVILLE, *et al.*, Defendants-Appellees.

Fourth District   No. 4—86—0789

Opinion filed June 29, 1987.

James D. Lee, of Lee & Lee, Ltd., of Tuscola, for appellant.

Robert P. Moore and David R. Moore, both of Law Offices of Robert P. Moore, P.C., of Champaign, for appellees.

JUSTICE GREEN delivered the opinion of the court:
This case concerns section 24—24 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 1—1 et seq.), which provides:
"Teachers and other certificated educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all *matters relating to the discipline in and conduct of the schools and the school children,* they stand in the relation of parents and guardians to the pupils." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 122, par. 24—24.

In *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 173, 347 N.E.2d 705, 709, the supreme court reasoned that, if teachers and other personnel stand *in loco parentis* to pupils, the teachers and other certified personnel are entitled to the benefit of the doctrine of parental immunity and that those teachers and other personnel and their employers are immune from liability "for negligence arising out of *'matters relating to the discipline in and conduct of the schools and the school children.'* " (Emphasis added.) Section 24—24 has been held to grant the same immunity when the educational institution involved is a parochial school. (*Cotton v. Catholic Bishop* (1976), 39 Ill. App. 3d 1062, 351 N.E.2d 247; *Merrill v. Catholic Bishop* (1972), 8 Ill. App. 3d 910, 290 N.E.2d 259.) The main issue here is whether section 24—24 provides immunity from suits for negligence to defendant The First Baptist Church of Danville (church) and its employee, defendant Kim Bailey, under the circumstances involved here. We hold that it does.

On December 16, 1985, Thomas Hilgendorf filed a complaint in the circuit court of Vermilion County on behalf of his minor daughter, the plaintiff, Kathleen Hilgendorf. A subsequent amended complaint alleged in count I that (1) plaintiff was enrolled in the day-care program of the First Baptist Church School (school) which was owned and operated by the defendant church; (2) defendant allowed the children in the day-care program to play on the school's playground and supplied supervisors for the activities on the playground; (3) defendant carelessly and negligently supervised and controlled the activities of the children; and (4) as a result, plaintiff fell from the ladder of a slide and injured her leg. Count II was virtually identical to count I except it alleged that defendant Kim Bailey was employed by the school, was in charge of plaintiff's activity, and negligently supervised

the recess period.

Defendants filed a motion to dismiss plaintiff's amended complaint with prejudice under section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) alleging that defendants were immune from liability for negligent acts under section 24—24 of the School Code. In support of the motion, defendants filed affidavits of the principal of the school and of Kim Bailey. On October 28, 1986, following a hearing on defendants' motion, the court entered an order ruling that defendants were immune from liability for the negligence charged and dismissing the amended complaint in bar of action. Plaintiff has appealed, contending: (1) the immunity arising from section 24—24 of the School Code does not cover the operation of a day-care facility operated by a private institution such as the church; and (2) to grant defendants such immunity would deny plaintiff equal protection. We affirm.

■ A "school" has been defined as a place "where instruction is given, generally to the young." (*Possekel v. O'Donnell* (1977), 51 Ill. App. 3d 313, 316, 366 N.E.2d 589, 592.) The uncontested affidavits filed by defendants indicated that (1) the day-care program in which plaintiff was participating was affiliated with a private, parochial school system operated by the defendant church; (2) defendant Bailey was an elementary school teacher, certified by the State of Illinois; and (3) plaintiff participated in a course of study in the day-care program which included instruction in the alphabet, reading, and art. We conclude that the day-care program operated by the defendant church was a "school" even though the participating children were not of an age at which their participation was mandated by law and although the time which they spent receiving instruction was not as long as that given to older children and involved more playtime.

Another significant question is whether the school came within the scope of the immunity that is derived from section 24—24. Plaintiff calls our attention to the opinion in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, where the court held that section 24—24 immunity and that arising from section 34—84a of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 34—84a) were not applicable to charges of negligence in the selection and purchase of equipment for the athletic program of a school. Section 34—84a contains provisions similar to section 24—24 but is applicable only to cities having a population of over 500,000. The *Gerrity* court emphasized that under *Kobylanski*, immunity for schools arises because of the *in loco parentis* relationship given teachers by sections 24—24 and 34—84a when exercising supervision and discipline. (See also *Lynch v. Board of Educa-*

*tion* (1980), 82 Ill. 2d 415, 412 N.E.2d 447.) Similar to its holding in *Gerrity*, the Illinois Supreme Court determined in *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 415 N.E.2d 1015, that a teacher was not immune from suit for negligence when he exceeded his area of expertise by allowing a student to perform medical treatment for an injured student.

Here, defendant Bailey was alleged to have been negligent in her *supervision*, which was an area of her expertise as a certified teacher and the type of activity from which an *in loco parentis* relationship with pupils arises by the express terms of section 24—24. The negligence is alleged to have occurred on the playground rather than in a classroom, but the immunity provided by section 24—24 has been held to be applicable to allegations of a teacher's negligent supervision and discipline while engaged in extracurricular activities. *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 395 N.E.2d 538.

Plaintiff notes that the appellate court has restricted the application of the doctrine of parental immunity in recent years in *Gulledge v. Gulledge* (1977), 51 Ill. App. 3d 972, 367 N.E.2d 429 (no immunity to grandparents), and *Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12 (no immunity in regard to an occurrence not involving a family relationship). She now vigorously requests that we completely abolish the doctrine, thus extinguishing the predicate for the immunity asserted by defendants here. She maintains that the Illinois Supreme Court has never approved parental immunity and cites the recent case of *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 504 N.E.2d 920, where a cause of action for negligence brought on behalf of a child against a parent was permitted by a division of the First District.

■ Plaintiff does not clearly indicate how we could disregard the precedent of *Kobylanski* in order to hold that parental immunity was not available to teachers. In support of the contention that the supreme court had never approved parental immunity, the *Stallman* court maintained that the "teacher immunity" set forth in *Kobylanski* and its progeny was adopted merely by analogizing parental immunity to "teacher immunity." (152 Ill. App. 3d 683, 688, 504 N.E.2d 920, 923.) We cannot agree with that analysis. The existence of parental immunity was a predicate from which "teacher immunity" was implied once the legislature placed teachers and other certified personnel *in loco parentis* by operation of section 24—24 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—24). We could not properly abolish parental immunity in its entirety even if we felt it desirable to do so. In any event, the precedent of *Kobylanski* would pro-

hibit us from abolishing "teacher immunity," the existence of which is in issue here.

In contending that the defendant school's day-care program does not qualify for the immunity set forth in section 24—24, plaintiff relies on *Possekel v. O'Donnell* (1977), 51 Ill. App. 3d 313, 316, 366 N.E.2d 589, 592. There, the defendant owned and operated a "nursery school and kindergarten"; however, it was not licensed as such and was not part of a school system. The defendant did not allege it engaged in instruction, and the defendant did not claim that any employee in the establishment was a certified teacher. In denying immunity under section 24—24, the court noted that the institution was governed by the Child Care Act of 1969 (Ill. Rev. Stat. 1975, ch. 23, par. 2212.09), which does not provide immunity to teachers in day-care centers, nursery schools, and kindergartens run for profit, rather than by the School Code. That court further noted that "[t]he School Code does not concern itself with nursery schools and kindergartens unless they are run by a school system." *Possekel v. O'Donnell* (1977), 51 Ill. App. 3d 313, 318, 366 N.E.2d 589, 593.

Here, the day-care program was part of a parochial school system. As we have stated, such a system enjoys the *in loco parentis* immunity of section 24—24. (*Cotton v. Catholic Bishop* (1976), 39 Ill. App. 3d 1062, 351 N.E.2d 247; *Merrill v. Catholic Bishop* (1972), 8 Ill. App. 3d 910, 290 N.E.2d 259.) Unlike in *Possekel*, the operation was not one for pecuniary profit and the employee whose negligence was alleged was a teacher certified under the School Code. The *Possekel* opinion indicates that immunity was properly applied here.

Plaintiff attempts to draw an analogy to *Garrett v. Grant School District No. 124* (1985), 139 Ill. App. 3d 569, 487 N.E.2d 699, where a public school district was held to be liable for negligently permitting a pupil to be discharged from a school bus near a railroad track. The defendant argued that it had no duty to care for the pupil once she left the bus, but the court held that when engaging in a proprietary function, the school district had the same duty as a common carrier. Plaintiff seeks to compare the furnishing of bus service there to the furnishing of day-care here and deems both functions to be proprietary. However, no instruction was shown to take place on the bus and no teacher-pupil relationship was involved. As in *Possekel*, the alleged negligence in *Garrett* was not that of a certified teacher.

Plaintiff next argues that an equal protection problem arises where the defendants are granted immunity from liability for negligence, and, under the court's rationale, a licensed teacher operating a licensed day-care center not part of a school system would be denied

such protection. Defendants argue, and the trial court agreed, that plaintiff lacks standing to raise the question of whether defendants may enjoy immunities under the School Code not enjoyed by another defendant not under the ambit of the Code. We conclude that, irrespective of plaintiff's standing to raise the question, there is no denial of equal protection, because a rational basis exists for making the distinction.

The immunity from liability for negligence involved here arises from the legislature's decision to give *in loco parentis* status to the relationship between certified educational employees and pupils when the relationship involves matters of supervision or discipline. The legislature could reasonably conclude that such certified personnel would have greater skills than personnel working in a licensed day-care facility and that greater importance should be given to the pupil-teacher relationship than that between the children in a day-care program and those caring for them. Courts have extended the *in loco parentis* status to certified teachers in not-for-profit private schools. While the operation of the day-care facility here is in many ways like that in *Possekel,* as we have stated, here the person in charge of the children was a certified teacher, the teaching of academic subjects was an aspect of the program, and the program was part of a not-for-profit entity which would have had to shoulder the costs resulting from such exposure. The differences between the instant day-care facility's operation and that of a day-care facility licensed under the Child Care Act of 1969 (Ill. Rev. Stat. 1985, ch. 23, par. 2212.09) are sufficient to create the mere rational basis necessary to justify the difference and meet equal protection requirements. Viewing the situation from another vantage point, the differences shown create a rational basis for the different availability of remedy for plaintiff as distinguished from that available to a child injured by an employee of a licensed day-care facility.

As we previously stated, the decision of the circuit court is affirmed.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.