First Division
Filed: 4-23-07

No. 1-05-1901

RICHARD M. DALEY, Mayor of the City of )   Appeal from the
Chicago and Local Liquor Control      )   Circuit Court of
Commissioner, and SCOTT V. BRUNER,   )   Cook County.
Director, Local Liquor Control       )
Commission of the City of Chicago,    )
                                  )
         Plaintiffs-Appellants,   )
                                  )
v.                                  )
                                 )   No. 04 CH 2537
LAKEVIEW BILLIARD CAFÉ, INC., STEWART   )
RAMIREZ, President, LICENSE APPEAL    )
COMMISSION OF THE CITY OF CHICAGO,   )
ANTHONY CALABRESE, Chairman of the    )
License Appeal Commission of the City  )
of Chicago, IRVING KOPPEL and DONALD W. )
ADAMS, members of the License Appeal   )
Commission of the City of Chicago,    )   Honorable
                                 )   Richard A. Siebel,
         Defendants-Appellees.   )   Judge Presiding.


JUSTICE ROBERT E. GORDON deliver the opinion of the court:

Plaintiffs, Richard M. Daley, as mayor of the City of Chicago and Local Liquor Control Commissioner, and Scott Bruner, Director of the Local Liquor Control Commission of the City of Chicago (LLCC), filed a complaint in the circuit court of Cook County, seeking administrative review of a decision of the License Appeal Commission of the City of Chicago (Commission) reversing plaintiffs' denial of a request for a liquor license by defendant, Lakeview Billiard Café, Inc. (Lakeview). The circuit court upheld the ruling of the Commission and plaintiffs appealed. Although Lakeview has not filed a brief in response,

we may proceed under the principles set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976). (In any case in which the appellee has failed to file a brief as required by Rule, this court may if justice requires search the record and decide the case on the merits.)

Maps and diagrams submitted by the parties throughout the proceedings reveal that Lakeview Billiard Café is located at 3449 North Lincoln Avenue in Chicago, on the east side of the street. Its front entrance faces Lincoln, a diagonal street running northwest and southeast. The billiard hall is bounded by Cornelia Avenue on the north and a residential building and carport on the east. Immediately east of the residence and carport is an alley, and across the alley is the Cornelia Avenue Baptist Church (church).

On September 27, 2002, LLCC issued a letter to Lakeview denying its request for a liquor license, finding that allowing such a license would have a deleterious impact on the surrounding community and violate public policy regarding minors and alcohol. On March 7, 2003, LLCC issued an amended letter setting forth the additional finding that issuance of a liquor license would be improper under section 6-11(a) of the Liquor Control Act of 1934 (Act) (235 ILCS 5/6-11(a) (West 2002)), because the Lakeview Billiard Café is within 100 feet of a church.

Lakeview appealed to the Commission and an evidentiary hearing was conducted on June 10, 2003. At this hearing, Chicago

police officer Jamie Benvenuti testified that she conducted a license investigation in August 2002, in response to Lakeview's application. Officer Benvenuti initially recommended approval for the liquor license; however, in February 2003, she returned to the site and measured from the east side of the billiard hall to the nearest part of the church using a Ready Rule measuring device. She found the distance between these two points to be 42 feet and recommended that the license application be denied.

The hearing was continued to September 23, 2003. On that date, LLCC called Mike Volino, an investigator for the law department of the City of Chicago. He testified that he used a Rollatape to measure the distance between the north wall of the billiard hall to the south end of the church wall, which is the worship area. The distance between these two points was 55 feet. Reverend Arlee Powell, the pastor of the church, testified that a portion of the church is used for worship and that another portion is a kitchen.

Patricia Craig, an architect residing at 1751 West Cornelia Avenue, testified that she is opposed to the issuance of a liquor license to Lakeview based on the billiard hall's negative impact on the community. She further testified that she measured the distance between the edge of Lakeview's property abutting Cornelia, east to the center of the church wall facing Cornelia and found it to be 79 feet and 9 inches. Craig clarified that she did not measure to the closest point of the church but,

rather, continued measuring to the center of the windows facing Cornelia.

Stewart Ramirez, the owner of Lakeview Billiard Café, Inc., testified that a portion of the building he leases for the billiard hall is empty warehouse space and an electrical room where he does not conduct business. Ramirez measured the distance between the portion of the building used for his business, which faces the alley, and the wall of the church surrounding the area where worship occurs. He was able to discern which area of the church was used for worship, rather than as a kitchen, by looking in the windows. This distance was more than 100 feet, although Ramirez did not testify to the specific distance.

Several other witnesses testified to the impact on the community if Lakeview were granted a liquor license. LLCC has not raised the issue of deleterious impact in this appeal; thus, we will not set forth the substance of this testimony because it is not relevant to our review.

After hearing the evidence, the Commission issued a written order reversing LLCC's denial of the liquor license, based on the credibility of the witnesses and a finding that LLCC had not met its burden of proof. LLCC then filed a complaint in the circuit court seeking administrative review of that decision. In its complaint, LLCC alleged that the Commission erred in reversing its decision because the applicant premises was within 100 feet

of a church. The City specifically contended that reliance on Ramirez's measurement was incorrect because section 6-11(a) of the Act requires measurement from the property line of Lakeview's establishment to the nearest part of the church used for worship services.

The record was lost by the clerk of the circuit court, but the parties were able to reconstruct most of it. The circuit court then remanded the cause to the Commission to "conduct a further evidentiary hearing on the measurement issue only in order to establish the location of the applicant premises and the beginning and ending points of measurement."

On remand, the parties presented no additional live testimony; however, counsel for LLCC informed the court that Mike Volino had conducted new measurements of the distance between the billiard hall and the church, with counsel for both parties present. Counsel submitted a diagram showing the results of these measurements. One of the measurements recorded on this diagram was taken from the northeast corner of the unused portion of the billiard building, along Cornelia, to the northwest corner of the church, a distance of 57 feet. Counsel for Lakeview stipulated to the foundation of these measurements and stated that he "had no problem with the City entering that document into the record as the City's measurement."

Counsel for Lakeview submitted the affidavit of Ramirez in which he averred that he sought a liquor license limited to the

portion of the building containing commercially usable space accessible to the public. Ramirez recreated and submitted the diagram that had been used in the earlier proceedings, which showed that he had measured the distance from the exterior of the portion of the billiard hall used for the business (the wall adjacent to the alley) to the middle of the wall encompassing the area used for worship services. Ramirez averred that this distance was 103 feet. He also averred that he took an additional measurement inside the church, from the wall abutting the alley to the podium, and found the distance to be 13 feet and 7 inches.

At the conclusion of these proceedings, the Commission again reversed the denial of Lakeview's license application. In its written order, the Commission stated that plaintiffs' witnesses impeached each other by reaching varying conclusions regarding the distance between the two buildings, and rejected the entirety of plaintiffs' evidence as inherently untrustworthy and lacking credibility. The Commission accepted Ramirez' measurement of 116 feet and 7 inches, stating that the correct beginning point of measurement was the exterior of the portion of the building actually used for Lakeview's business, and that the correct end point was inside the church, at the podium.

The circuit court affirmed, finding that the decision of the Commission was not against the manifest weight of the evidence, unreasonable, or arbitrary. The court stated that the license

was to be limited to the floor plan submitted by Lakeview with its initial application.

On appeal to this court, plaintiffs contend that the Commission erred in relying on Ramirez' measurement because it failed to conform to section 6-11(a) of the Act. They assert that section 6-11(a) requires the measurement to be taken from the property line of the establishment seeking the license to the nearest point of the church building used for worship services. Plaintiffs maintain that Volino's second measurement, presented to the Commission on remand, satisfied this statutory requirement and demonstrated that the billiard hall is within 100 feet of a church and that it should not have been granted a license.

In reviewing a final administrative decision under the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (West 2004)), this court's role is to review the administrative decision, rather than the circuit court's decision. Du Page County Airport v. Department of Revenue, 358 Ill. App. 3d 476, 481 (2005). The applicable standard of review depends on whether the question presented on appeal is one of fact, of law, or both. AFM Messenger Service, Inc. v. Department of Employment Security, 198 Ill. 2d 380, 390 (2001).

In examining an administrative agency's factual findings, a reviewing court will not weigh the evidence or substitute its judgment for that of the agency but, rather, is limited to determining whether such findings are against the manifest weight

of the evidence.  City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d 191, 205 (1998).  This court, however, reviews an agency's resolution of a question of law *de novo*.  City of Belvidere, 181 Ill. 2d at 205.  An agency's determination of the legal effect of a given set of facts presents a mixed question of fact and law subject to the clearly erroneous standard of review.  City of Belvidere, 181 Ill. 2d at 205.  Such a decision will be deemed clearly erroneous only where "the reviewing court, on the entire record, is 'left with the definite and firm conviction that a mistake has been committed.'" AFM Messenger, 198 Ill. 2d at 395, quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 542 (1948).

With these rules in mind, we first address the legal question of the proper method of calculating the 100-foot distance set forth in section 6-11(a) of the Act.  The cardinal rule of statutory interpretation is to ascertain and give effect to the intent of the legislature.  Comprehensive Community Solutions, Inc. v. Rockford School District No. 205, 216 Ill. 2d 455, 473 (2005).  The plain language of the statute is the best indicator of this intent and undefined statutory terms will be given their ordinary meaning.  Comprehensive Community Solutions, 216 Ill. 2d at 473-74.

Section 6-11(a) provides:

> "No license shall be issued for the sale at retail of any alcoholic liquor within 100 feet of any church, school other than an institution of higher learning, hospital, home for aged or indigent persons or for veterans, their spouses or children or any military or naval station \*\*\*. In the case of a church, the distance of 100 feet shall be measured to the nearest part of any building used for worship services or educational programs and not to property boundaries." 235 ILCS 5/6-11(a) (West 2004).

The plain language of this statute clearly indicates that the legislature intended the end point of measurement to be the nearest part of the portion of the *building* used for worship. The term "building" is not defined in the Act; however, Webster's Third New International Dictionary defines this term as "a constructed edifice designed to stand more or less permanently, covering a space of land, usually covered by a roof and more or less completely enclosed by walls." Webster's Third New International Dictionary 292 (1993). As applied here, we find that the measurement should have been taken to the closest part of the exterior of the worship portion of the church and that the Commission's determination that the end point of measurement was the podium or pulpit inside the church was clearly erroneous.

As for the proper beginning point of measurement, the statute is silent (235 ILCS 5/6-11(a) (West 2002)), and we thus examine the legislative history to determine legislative intent (Land v. Board of Education of the City of Chicago, 202 Ill. 2d 414, 426 (2002)). In amending a statute, the legislature is presumed to have knowledge of judicial decisions interpreting the statute and to have acted with that knowledge. Bruso v. Alexian Brothers Hospital, 178 Ill. 2d 445, 458 (1997).

In 1979, the legislature amended section 6-11(a) with regard to church property by adding that, "[i]n the case of a church, the distance of 100 feet shall be measured to the nearest part of any building used for worship services or educational programs and not to property boundaries." 235 ILCS 5/6-11(a) (West 2002). Cases interpreting section 6-11(a) prior to this amendment held that establishments seeking a liquor license and churches, schools, and other entities named in the statute were to be measured from property line to property line. See, *e.g.*, Bilandic v. Johnson, 62 Ill. App. 3d 455, 457 (1978); Kaminski v. Liquor Control Comm'n, 20 Ill. App. 3d 416, 418-21 (1974).

"[I]n amending the statute, the legislature is presumed to have been aware of [the] judicial decisions interpreting the statute and to have acted with this knowledge." Bruso, 178 Ill. 2d at 458. Thus, when the legislature amended the statute at issue by only changing the *end* measurement for churches and effecting no change in the beginning measuring point for

establishments seeking a license, we find that the legislature did not intend to disturb the long-standing precedent that measurement from the establishment seeking a license is to be made from its property line. Bruso, 178 Ill. 2d at 458-59. The Commission did not set forth, and we have not found, any support for its assertion that the measurement is to be taken from the portion of the establishment's building actually used for its business activities. It is thus clear that the Commission applied the wrong standard of measurement at both ends, and we review the propriety of its ultimate conclusion that petitioner met the statutory distance requirement to allow it to be licensed.

The record reveals that the measurement submitted by Ramirez did not conform to section 6-11(a) and therefore its result does not support the conclusion drawn by the Commission. The measurement taken by Volino the second time, however, was done in conformity with that statute and shows that Lakeview's establishment was within 100 feet of a church. Volino measured from the northeast corner of the unused portion of Lakeview's building, to the northwest corner of the portion of the church building used for worship and found that distance to be 57 feet. Although Volino testified that he measured from the corner of the billiard hall building, rather than the property line, the close proximity of the neighboring residence suggests that the building is on the property line. In any case, measurement from the

- 11 -

property line, rather than the building, would only result in a shorter distance to the church.  We therefore find that the issuance of a liquor license would violate section 6-11(a), and the Commission's decision to the contrary was therefore clearly erroneous.

Accordingly, we reverse the decision of the circuit court and reinstate the decision of the LLCC.  See O'Boyle v. Personnel Board of City of Chicago, 119 Ill. App. 3d 648, 657 (1983).

Circuit court reversed;  LLCC decision affirmed.

CAHILL and GARCIA, JJ., concur.