THIRD DIVISION
November 10, 2010

No. 1-09-3375

| | | |
|---|---|---|
| MEDINA BAILEY, Executive Director of Nurturing Development and Learning Center, Inc., | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois, County Department, Chancery Division |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 08 CH 25423 |
| ILLINOIS LIQUOR CONTROL COMMISSION, an Illinois State Agency; WILLIAM SHAW, Local Liquor Control Commissioner of Village of Dolton; and GREENWOOD LIQUORS AND FOOD, INC., an Illinois Corporation, | ) ) ) ) ) ) ) | Honorable Rita Novak, Judge Presiding |
| Respondents-Appellees. | ) | |

JUSTICE MURPHY delivered the opinion of the court:

Petitioner, Medina Bailey, executive director of Nurturing Development & Learning Center, Inc. (NDLC), appeals the decision of the Illinois Liquor Control Commission (Commission) that the NDLC, a day care center that also operates a preschool, is not a "school" under section 6-11(a) of the Liquor Control Act of 1934, which prohibits the retail sale of alcohol within 100 feet of "any *** school." 235 ILCS 5/6-11(a) (West 2006).

## I. BACKGROUND

On December 17, 2007, William Shaw, the local liquor commissioner for the Village of Dolton, issued a liquor license to Greenwood Liquor & Food, Inc., located at 825 East Sibley in Dolton, Illinois. NDLC is located at 835 East Sibley in South Holland, Illinois, next door to the

liquor store. On January 4, 2008, petitioner, the executive director of NDLC, appealed Shaw's decision to the Commission, arguing that the issuance of the license violates section 6-11 of the Liquor Control Act of 1934 (235 ILCS 5/6-11 (West 2006)), which prohibits the retail sale of alcohol within 100 feet of "any *** school." 235 ILCS 5/6-11(a) (West 2006).

The Commission conducted a *de novo* evidentiary hearing. At the hearing, petitioner testified that NDLC is a not-for-profit organization that participates in the Preschool for All program, a voluntary preschool program for three- to five-year-olds. She described the Preschool for All program as an equivalent to earlier Headstart or "Pre-K" programs, which helped prepare children for kindergarten. Similarly, Preschool for All is an early intervention program that helps transition children to public or private school. The program is conducted five hours a day, and she requires children to arrive at the facility by 9 a.m.

As a participant in the Preschool for All program, NDLC is required to follow guidelines established by the Illinois State Board of Education (ISBE), including the requirement to have a state-certified teacher with a certification in early childhood education and to use an ISBE-approved curriculum. However, the Preschool for All program implementation manual provides that the "Illinois State Board of Education does not endorse specific curricula for use in the Preschool for All." A nonprofit organization, Illinois Action for Children, monitors the program and visits the facility monthly, while the ISBE visits annually. Although the ISBE funds the program, Illinois Action for Children pays NDLC. Shaw presented a letter from the ISBE, dated April 16, 2008, which states that NDLC is not "funded directly by ISBE, and is not recognized or accredited as a school by the ISBE."

1-09-3375

Petitioner operates her business from 6 a.m. to 6 p.m., five days a week. Children are dropped off at the building and picked up by their parents. NDLC accepts children from the ages of six weeks to six years of age. Forty children ages three to five years old are students in the program, which she characterized as a preschool.

On her business license application, petitioner indicated that NDLC's primary purpose is child care. Her 2007 corporate annual report states that the business NDLC conducts is child care. NDLC is listed as a day care center in the Yellow Pages. Included in the record are documents showing that the Department of Children and Family Services (DCFS) monitors, visits, and evaluates the center.

Petitioner testified that NDLC's and Greenwood Liquor & Food's property lines abut each other, and a fence separates the two properties; she measured the distance between the buildings to be 80 feet. She stated that she had a survey, but it was not submitted; instead, petitioner submitted an aerial map.

On May 6, 2008, the Commission entered an order affirming the decision of the Village's local liquor commissioner, finding that petitioner failed to prove by a preponderance of the evidence that the Village violated section 6-11 by issuing a liquor license within 100 feet of a school.

On May 23, 2008, petitioner filed a petition for rehearing with the Commission alleging that she had new evidence that was not available at the time of the hearing. She attached a letter from the ISBE dated April 30, 2008. It stated that NDLC is registered with the ISBE as of April 29, 2008, and that it was associated with South Holland School District #150. According to

1-09-3375

petitioner's counsel's letter of May 5, 2008, petitioner applied for and received registration after the hearing with the Commission. The Commission denied the petition for rehearing on June 11, 2008.

Petitioner filed a complaint for administrative review with the trial court. On July 22, 2009, the trial court found that the Commission's decision was not contrary to the law or clearly erroneous and that its decision to deny the petition for rehearing was not an abuse of discretion. This appeal follows.

## II. ANALYSIS

On appeal, this court reviews the administrative agency's decision and not the trial court's determination. *Village of Oak Park v. Village of Oak Park Firefighters Pension Board*, 362 Ill. App. 3d 357, 365 (2005). The applicable standard of review depends on whether the question presented on appeal is one of fact, of law, or both. *Daley v. Lakeview Billiard Café, Inc.*, 373 Ill. App. 3d 377, 381 (2007). The factual findings of an administrative agency are considered *prima facie* true and correct (735 ILCS 5/3-110 (West 2006)), and a reviewing court will reverse only if the administrative decision is against the manifest weight of the evidence. *Carlisle Investments Group, Ltd. v. White*, 366 Ill. App. 3d 876, 883 (2006). However, this court exercises an independent review of an agency's conclusions of law. *Barber v. Board of Trustees of Village of South Barrington Police Pension Fund*, 256 Ill. App. 3d 814, 818 (1993). An agency's determination of the legal effect of a given set of facts presents a mixed question of fact and law subject to the clearly erroneous standard of review. *Lakeview Billiard Café*, 373 Ill. App. 3d at 381. Such a decision is clearly erroneous only where the reviewing court, on the entire record, is

-4-

1-09-3375

left with the definite and firm conviction that a mistake has been committed. *Lakeview Billiard Café*, 373 Ill. App. 3d at 381.

Petitioner asserts that the Commission's decision should be reviewed *de novo* since the Commission did not make any specific findings of fact or provide any explanation of its decision. Respondents, the Commission, Shaw, and Greenwood Liquor & Food, argue that whether the NDLC is a school is a question of fact. However, because we are applying the definition of "any *** school" to the facts presented before the Commission, this case presents a mixed question of fact and law subject to the clearly erroneous standard of review. *Lakeview Billiard Café*, 373 Ill. App. 3d at 381.

A.  Section 6-11(a) of the Liquor Control Act

Section 6-11(a) of the Liquor Control Act of 1934 provides, in pertinent part, "No license shall be issued for the sale at retail of any alcoholic liquor within 100 feet of any church, school other than an institution of higher learning, hospital, home for aged or indigent persons or for veterans, their spouses or children or any military or naval station ***." 235 ILCS 5/6-11(a) (West 2006). The Act "shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." 235 ILCS 5/1-2 (West 2006). As the United States Supreme Court has found, "schools and churches have a valid interest in being insulated from certain kinds of commercial establishments, including those dispensing liquor." *Larkin v. Grendel's Den, Inc.*, 459 U.S. 116, 121, 74 L. Ed. 2d 297, 303, 103 S. Ct. 505, 509

1-09-3375

(1982).

The goal of a court when construing a statute is to ascertain the legislature's intent, "and the surest indicator *** is the language in the statute." *Department of Public Aid ex rel. Schmid v. Williams*, 336 Ill. App. 3d 553, 556 (2003). "To this end, the court may consider the reason and necessity for the statute and the evils it was intended to remedy, and will assume that the legislature did not intend an *** unjust result." *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 309 (2001). A court may not supply omissions, remedy defects, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute. *Beyer*, 324 Ill. App. 3d at 309-10. "If the language of the statute is clear, its plain and ordinary meaning must be given effect without resorting to other aids of construction." *Beyer*, 324 Ill. App. 3d at 310.

The Liquor Control Act does not define "school," nor have Illinois courts interpreted the meaning of "school" under the Act. In the absence of a statutory definition indicating a different legislative intent, words are to be given their ordinary and commonly understood meanings. *Cojeunaze Nursing Center v. Lumpkin*, 260 Ill. App. 3d 1024, 1029 (1994). "The dictionary can be used as a resource to ascertain the ordinary and popular meaning of words." *Cojeunaze Nursing Center*, 260 Ill. App. 3d at 1029. Black's Law Dictionary provides that a "school" is an "institution of learning and education, esp. for children." Black's Law Dictionary 1463 (9th ed. 2009). Merriam-Webster defines "school" as "an organization that provides instruction." Merriam-Webster's Collegiate Dictionary 1111 (11th ed. 2006).

Petitioner relies primarily on *Possekel v. O'Donnell*, 51 Ill. App. 3d 313 (1977), and

*Hilgendorf v. First Baptist Church of Danville*, 157 Ill. App. 3d 428 (1987), in support of her

argument that NDLC is a "school" under the Liquor Control Act.

In *Possekel*, the plaintiff was injured while she was a student at the defendant's "nursery

and kindergarten," which was licensed as a day care center, but not as a nursery school or

kindergarten. The defendant contended that she was immune from liability under section 24-24 of

the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24-24).

The court noted that the term "school" is a place "where instruction is given, generally to

the young." *Possekel*, 51 Ill. App. 3d at 316. The court refused to find, as a matter of law, that

the defendant's establishment was a school as intended by section 24-24. The court noted that the

center was licensed as a day care center and that a day care center "can be with or without stated

educational purposes." *Possekel*, 51 Ill. App. 3d at 317. However, in its motion for summary

judgment, the defendant made no allegation that the center was engaged in instruction; instead, it

relied on the fact that the establishment was called a nursery school and that the plaintiff was

called a student. *Possekel*, 51 Ill. App. 3d at 317. "But merely calling an institution a school, a

child a student, does not make either one." *Possekel*, 51 Ill. App. 3d at 317.

The court found that, regardless of whether the center was considered a "school" at

common law, it did not fall within the parameters of section 24-24 because the School Code

"does not concern itself with nursery schools and kindergartens unless they are run by the school

system." *Possekel*, 51 Ill. App. 3d at 318. Rather, section 24-24 was meant to apply to schools

"governed or at least affected by the School Code" and not to centers governed by the Child Care

Act of 1969. *Possekel*, 51 Ill. App. 3d at 319. In addition, section 24-24 applied to "teachers and

other certified educational employees," but there was no indication that the defendant or any other employee of the center was certified. *Possekel*, 51 Ill. App. 3d at 319. Accordingly, the court found that section 24-24 did not apply. *Possekel*, 51 Ill. App. 3d at 319.

In *Hilgendorf*, the plaintiff was injured on the defendant church's playground while enrolled in the day care program of the church's school. The church asserted that it was immune from liability under section 24-24 of the School Code, while the plaintiff argued that immunity under section 24-24 did not cover the operation of a day care facility operated by a private institution such as a church. The Fourth District noted that a "school" has been defined as a place " 'where instruction is given, especially to the young.' " *Hilgendorf*, 157 Ill. App. 3d at 430, quoting *Possekel*, 51 Ill. App. 3d at 316. The court found that the day care program was affiliated with "a private, parochial school system" operated by the church, the employee who negligently supervised the plaintiff was an elementary school teacher certified by the State, and the plaintiff participated in a course of study in the day care program, "which included instruction in the alphabet, reading, and art." *Hilgendorf*, 157 Ill. App. 3d at 430. The court concluded that the day care program was a "school" for purposes of section 24-24 "even though the participating children were not of an age at which their participating was mandated by law, and although the time they spent receiving instruction was not as long as that given to older children and involved more playtime." *Hilgendorf*, 157 Ill. App. 3d at 430.

*Hilgendorf* distinguished *Possekel* on the basis that the day care program was part of a parochial school system, which enjoys immunity under section 24-24; the program was not run for "pecuniary profit"; and the employee whose negligence was alleged was a teacher certified under

the School Code. *Hilgendorf*, 157 Ill. App. 3d at 432. See also *People v. Levison*, 404 Ill. 574, 577 (1950) (defining "private school" for purposes of compulsory attendance law); *Faith Builders Church, Inc. v. Department of Revenue of State*, 378 Ill. App. 3d 1037, 1047 (2008); *City of Chicago v. Bethlehem Healing Temple Church*, 93 Ill. App. 2d 303, 308 (1968) (defining "school" for purposes of city fire code).

Petitioner claims that the definitions of "school" described in *Possekel* and *Hilgendorf* apply to the instant case because NDLC is a place "where instruction is given" and its preschool program includes "instruction in the alphabet, reading, and art." *Hilgendorf*, 157 Ill. App. 3d at 430. However, *Possekel* and *Hilgendorf* were decided under section 24-24 of the School Code, not the Liquor Control Act. But see *Cole v. City of Ruston*, 573 So. 2d 641 (La. Ct. App. 1991) (Montessori kindergarten was a school for purposes of liquor permit); *111 East 22nd Management Corp. v. New York State Liquor Authority*, 152 Misc. 2d 842, 578 N.Y.S.2d 1017 (1991) (preschool can be considered a "school"); *Risser v. City of Thomasville*, 248 Ga. 866, 286 S.E.2d 727 (1982) (church kindergarten is a "school"). Furthermore, unlike the day care center in *Hilgendorf*, NDLC is not a part of a private, parochial school.

Respondents argue that NDLC is a day care, which is omitted from the Illinois School Code. They point to evidence that NDLC provides services to children between six weeks and six years old; the Yellow Pages describes NDLC as a day care provider; and its annual report to the Secretary of State and its business license describe it as a "child care" business. It is an "early intervention" program that helps children prepare to attend public or private school. See 105 ILCS 5/2-3.71 (West 2006) (the program includes a "parent education component" and gives

financial priority to programs serving at-risk children). In addition, NDLC is licensed and regulated as a day care center and is monitored by DCFS. Day care facilities are governed by the Child Care Act of 1969 (225 ILCS 10/1 *et seq.* (West 2006)), not the School Code. Section 2.09 of the Child Care Act of 1969 defines a "day care center" as a "child care facility [that] regularly provides day care for less than 24 hours per day for (1) more than 8 children in a family home, or (2) more than 3 children in a facility other than a family home, including senior citizen buildings." 225 ILCS 10/2.09 (West 2006).

Respondents correctly point out that when the legislature has wanted to impose a distance restriction involving day care centers, it has explicitly done so. For example, section 11-5-1.5 of the Illinois Municipal Code prohibits a municipality from locating an adult entertainment facility within 1,000 feet of "any school, day care center, cemetery, public park." 65 ILCS 5/11-5-1.5 (West 2006). Section 11-9.3 of the Criminal Code of 1961 prohibits sex offenders from being present in a school building, on school property, or on a school bus, while section 11-9.4(b-5) prohibits sex offenders from residing within 500 feet of a "playground, child care institution, day care center." 720 ILCS 5/11-9.3(b), 9.4(b-5) (West 2006). The Missing Children Records Act distinguishes between enrollment in "a school, preschool educational program, child care facility, or day care home." 325 ILCS 50/5(a) (West 2006). Therefore, the legislature could have specifically listed day care centers in section 6-11(a) of the Liquor Control Act of 1934 if it had so intended.

Respondents contend that NDLC's participation in the Preschool for All program does not prove that it is a school. They cite 23 Ill. Adm. Code §235.10(b) (2006), which provides,

"Eligible applicants for Early Childhood Block Grant programs include any public or private not-for-profit or for-profit entity with experience in providing educational, health, social and/or child development services to young children and their families. If the Early Childhood Block Grant program is operated in or by a child care center subject to the licensure requirements of the Illinois Department of Children and Family Services (DCFS), then that child care center must hold the appropriate licensure in accordance with rules promulgated by DCFS." 23 Ill. Adm. Code §235.10(b) (2006).

See also 105 ILCS 5/2-3.71 (West 2006) (implementing the Preschool for All Children grant program for "public school districts and other eligible entities"). Respondents argue that because a variety of entities, including day care centers, may participate in the program, participation is not tantamount to certification or recognition as a school.

Respondents also cite two out-of-state cases in support of their argument: *K&K Enterprises, Inc. v. Pennsylvania Liquor Control Board*, 145 Pa. Cmwlth. 118, 602 A.2d 476 (1992), and *Londer v. Friednash*, 38 Colo. App. 350, 560 P.2d 102 (1976). In *K&K Enterprises*, the liquor control board denied a restaurant's application for transfer of a liquor license on the basis that it was located within 300 feet of a day care center, in violation of a statute prohibiting the transfer of a liquor license if the property was within 300 feet of any school. On appeal, the court found that the day care center was not a "school." Although the director of the day care center testified that she taught during the course of the day and that she had a curriculum for the center, the curriculum was not issued to the day care center by the local school district or the state

board of education. *K&K Enterprises*, 145 Pa. Cmwlth. at 125, 602 A.2d at 480. " 'School' is defined by Webster's as an institution that teaches children. Undoubtedly, this day care center teaches children; however, as shown by the definitions found in the Public Welfare Code, the *primary* role of a day care center is child care in the absence of a parent ***." (Emphasis in original.) *K&K Enterprises*, 145 Pa. Commw. at 125, 602 A.2d at 480. Therefore, the day care center was not a "school" within the meaning of the statute. *K&K Enterprises*, 145 Pa. Commw. at 125, 602 A.2d at 480.

In *Londer*, a statute prohibited issuance of a liquor license where the building in which the liquor was to be sold was located within 500 feet " 'of any public or parochial school.' " *Londer*, 38 Colo. App. at 351, 560 P.2d at 103, quoting Colo. Rev. Stat. 12-47-139(1)(d) (1973). The court found that a day care center located within 500 feet of the liquor store did not qualify as a "public school," even though it included "a program of pre-school instruction provided [to] certain children in accordance with a local school district." *Londer*, 38 Colo. App. at 353, 560 P.2d at 104. "[T]here is no evidence in the record that the Center is a public school other than the fact of its voluntary participation in a cooperative pre-school program." *Londer*, 38 Colo. App. at 353, 560 P.2d at 104. See also *Pizza Hut of America, Inc. v. Pastore*, 519 A.2d 592, 594 (R.I. 1987) (private preschool was not considered "public or parochial school"); *Rivkind v. State ex rel. Gibson*, 159 Fla. 553, 32 So. 2d 330 (1947) (finding without analysis that a kindergarten was not a school for purposes of an ordinance prohibiting the sale of alcohol within a certain distance of schools).

*Londer* provides little assistance, since the issue in the instant case is not whether NDLC is

a "public or parochial school." However, *K&K Enterprises* is more applicable, as the day care center in that case involved at least some instruction. Further, the curriculum in *K&K Enterprises* was not issued to the center by the local school district or the state board of education. While petitioner testified that she uses an ISBE-approved curriculum, the Preschool for All program implementation manual provides that the "Illinois State Board of Education does not endorse specific curricula for use in the Preschool for All."

Respondents also cite 1979 debates as a way of ascertaining legislative intent. In the debates, which concerned an amendment regarding proximity to universities, Representative Johnson stated, "[T]here's [a] 100 foot limitation with respect to churches and [a] 100 foot limitation with respect to elementary and secondary education facilities ***." 81st Ill. Gen. Assem., House Proceedings, May 15, 1979, at 223 (statements of Representative Johnson). Respondents use this single statement to support their argument that "school" as used in section 6-11(a) refers to elementary and secondary schools, but not preschools. See also *People v. Goldstein*, 204 Ill. App. 3d 1041, 1046 (1990) (interpreting "any school" in the statute prohibiting delivery of a controlled substance on school property to mean " 'any public or private elementary or secondary school, community college, college, or university' " (emphasis omitted) because other statutes in the same public law defined it that way), quoting Ill. Rev. Stat. 1985, ch. 37, par. 702-7(7)(a). However, legislative history is considered only if the statute is found to be ambiguous, an argument that the parties have not made. *Sheffler v. Commonwealth Edison Co.*, 399 Ill. App. 3d 51, 75 (2010). Furthermore, the debates are from 1979, involving an amendment regarding proximity to universities. That amendment had nothing to do with the original "school"

language. Therefore, we decline to interpret this statement from the 1979 debates as a way of ascertaining legislative intent. We also reject respondents' attempt to rely on a hearing transcript before the Illinois Racing Board, as it is not a written decision and it involves a different board.

We conclude that NDLC is not a "school" under section 6-11(a). Its principal function is that of a day care center: it is open 12 hours a day, 5 days a week, it serves children 6 weeks to 6 years old, it holds itself out as a day care center in its corporate filings and business license, and it is monitored by DCFS. While one component of its business is teaching preschool, at the time of the hearing, NDLC was not "funded directly by ISBE, and is not recognized or accredited as a school by the ISBE." Further, the Preschool for All program implementation manual provides that the "Illinois State Board of Education does not endorse specific curricula for use in the Preschool for All." Illinois Action for Children monitors the program and visits the facility monthly.

Another subsection of the statute supports such an interpretation. Section 6-11(u)(11) refers to "the principal of the school." Pub. Act 96-1051, eff. July 14, 2010 (adding 235 ILCS 5/6-11(u)(11)). Because a day care center does not have a principal, subsection 6-11(u)(11) implies that the legislature did not intend for day care centers that include a preschool component to be considered "schools." It should also be noted that children do not walk to NDLC; rather, they are dropped off and picked up by their parents. In *Gorgees v. Daley*, 256 Ill. App. 3d 143, 149 (1993), the court stated, regarding the constitutionality of section 6-11, "Because the schools in Chicago are typically bigger and more children may walk past or congregate near clubs and food shops in the immediate area, the General Assembly could reasonably conclude that there is a

greater likelihood of school children coming into contact with intoxicated individuals or alcohol." Children walking past a liquor store and, thus, being exposed to intoxicated people is a factor that the legislature and the courts are considering in the context of section 6-11.

Finally, section 6-11(a) prohibits the retail sale of alcohol "within 100 feet" of a school. 235 ILCS 5/6-11(a) (West 2006). While Greenwood Liquors claims that petitioner failed to present competent evidence as to the location of the property lines, the Commission could not have possibly found that the properties were less than 100 feet apart. Illinois courts have repeatedly held that the 100 feet must be measured from the lot line of the licensee's premises to the lot line of the school premises. *Easter Enterprises, Inc. v. Illinois Liquor Control Comm'n*, 114 Ill. App. 3d 855, 859-60 (1983); *Kaminski v. Illinois Liquor Control Comm'n*, 20 Ill. App. 3d 416, 419 (1974); *De Loian v. Illinois Liquor Control Comm'n*, 109 Ill. App. 2d 71, 74 (1969); *Smith v. Ballas*, 335 Ill. App. 418, 422 (1948). Although petitioner did not submit a survey, she testified that the buildings were about 80 feet from each other, and an aerial map showed that the properties abutted. It can hardly be disputed that Greenwood Liquors' property is within 100 feet of NDLC's when the properties obviously abut.

## B. Petition for Rehearing

Next, petitioner argues that the Commission committed reversible error when it denied her petition for rehearing, which included "new evidence that was not available to NDLC at the time of the hearing," specifically, the April 30, 2008, letter from the ISBE. Petitioner fails to cite any authority in support of her argument in her opening brief, in violation of Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)). Accordingly, we consider the argument waived. 210 Ill. 2d

1-09-3375

R. 341(h)(7).

Waiver notwithstanding, agencies have broad discretion in conducting administrative hearings. *Wilson v. Department of Professional Regulation*, 344 Ill. App. 3d 897, 907 (2003). Furthermore, "normally an administrative agency is not required to open up the record and consider new evidence." *Sheehan v. Board of Fire and Police Commissioners*, 158 Ill. App. 3d 275, 289 (1987).

Evidence is considered "newly discovered" only when it was not available at the prior hearing. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 133 (2008). Here, the evidence was not available at the administrative hearing. The record shows that "NDLC's registration with ISBE was applied for and received <u>after</u> the hearing with the Illinois Liquor Control Commission." (Emphasis in original.) However, NDLC was participating in the Preschool for All program well before the April 2008 administrative hearing, so its decision to register with the ISBE after the license was issued and after the evidentiary hearing, and after hearing the commissioners' comments, is suspicious. We will not permit petitioner to participate in a hearing and then create evidence after the fact. See *Better Government Ass'n v. Blagojevich*, 386 Ill. App. 3d 808, 819 (2008).

Furthermore, the significance of petitioner's new evidence is unclear, as the letter says only that NDLC is now "registered" with the ISBE, not that it is a school. Indeed, only two weeks before, the ISBE stated that NDLC is not "funded directly by ISBE, and is not recognized or accredited as a school by the ISBE." In addition, the April 30, 2008, ISBE letter states, "We hope we will work together for the excellence of K-12 education in Illinois," and section 2-3.25o

-16-

of the School Code allows for the "voluntary registration and recognition of non-public elementary and secondary schools." 105 ILCS 5/2-3.25o(a) (West 2006). NDLC, however, does not teach K-12; it participates in a preschool program for at-risk three- to five-year-olds. Accordingly, we find that the Commission did not abuse its discretion when it denied petitioner's petition for rehearing.

## C. Remand to the Commission

Finally, petitioner contends that the trial court erred in failing to remand the case to the Commission for the entry of findings of fact and conclusions of law. See 5 ILCS 100/10-50(a) (West 2006) (a final decision of an administrative agency shall include findings of fact and conclusions of law); 735 ILCS 5/3-111(a)(6) (West 2006) (circuit court has the power to remand the case and "state the questions requiring further hearing or proceedings"). She argues that without such findings, the trial court was at a loss as to the appropriate standard of review and the basis of the Commission's decision.

In *O'Neill v. Rodriguez*, 298 Ill. App. 3d 897, 902-03 (1998), this court noted that the purpose of an agency's findings in an administrative proceeding is to permit orderly and efficient judicial review. "Where such findings are sufficient to permit the reviewing court to make an intelligent decision, the standard is met." *O'Neill*, 298 Ill. App. 3d at 903. Further, where the testimony before the administrative agency is preserved for review in the record, specific findings of fact by the agency are not necessary for judicial review. *O'Neill*, 298 Ill. App. 3d at 903. The Commission concluded that petitioner failed to prove that Shaw violated section 6-11 of the Liquor Control Act by issuing a liquor license within 100 feet of a school, and the testimony

before the Commission and the commissioners' comments are included in the hearing transcript. We conclude that the findings are sufficient to permit judicial review.

## III.  CONCLUSION

We note that this is a case of first impression in Illinois.  The subjective feelings of justices are of no import.  Courts do not make laws; the legislature does.  Accordingly, we affirm the Commission's decision finding that petitioner failed to prove that Shaw violated section 6-11 of the Liquor Control Act by issuing a liquor license for the retail sale of alcohol within 100 feet of "any *** school."

Affirmed.

NEVILLE and STEELE, JJ., concur.

REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)                    Page 1 of 2.

| Please Use Following Form: | |
|---|---|
| Complete TITLE of Case | MEDINA BAILEY, Executive Director of Nurturing Development & Learning Center, Inc., <br><br> Petitioner-Appellant, <br><br> v. <br><br> ILLINOIS LIQUOR CONTROL COMMISSION, an Illinois state agency; WILLIAM SHAW, Local Liquor Control Commissioner of Village of Dolton; and GREENWOOD LIQUORS & FOOD, INC., an Illinois corporation, <br><br> Respondents-Appellees. |
| Docket No. <br><br> COURT <br><br> Opinion Filed | Nos. 1-09-3375 <br> Appellate Court of Illinois <br> First District, THIRD Division <br><br> November 10, 2010 <br> (Give month, day and year) |
| JUSTICES | JUSTICE MURPHY delivered the opinion of the court: <br><br> Neville and Steele, JJ.,                    concur [s] |
| APPEAL from the Circuit Ct. of Cook County, Criminal Div. <br><br><br> For APPELLANTS, John Doe, of Chicago. <br><br><br> For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel) | Lower Court and Trial Judge(s) in form indicated in the margin: <br><br> The Honorable _____ Rita Novak _____ , Judge Presiding. <br><br> Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel.  Indicate the word NONE if not represented. <br><br> Attorneys for **Petitioner-Appellant**:  Lloyd Brooks <br> The Brooks Law Firm <br> 18110 Dixie Highway, Suite 2N <br> Homewood, IL  60430 <br> Phone:  (708) 841-8000 <br><br> Attorneys for **Respondents-Appellees**:  Irene F. Bahr, Law Office of Irene F. Bahr <br> Greenwood Liquors & Food, Inc.  1751 S. Naperville Rd., Suite 2900 <br> Wheaton, IL  60189 <br> Phone: (630) 462-1273 |

1-09-3375

Attorneys for **Respondent-Appellee**:      Lisa Madigan, Attorney General State of Illinois
Illinois Liquor Control Commission          Michael S. Scodro, Solicitor General
                                            Laura Wunder, Asst. Attorney General.
                                            100 W. Randolph Street, 12th Floor
                                            Chicago, IL  60601
                                            Phone:  (312) 814-3312

Attorneys for **Respondent-Appellee**:      Larry S. Kowalczyk, Christopher P. Keleher
Local Liquor Control Commissioner           Querrey & Harrow, Ltd.
Of Village of Dolton                        175 W. Jackson Blvd., Suite 1600
                                            Chicago, IL  60604
                                            Phone:  (312) 540-7000

1-09-3375